UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBORAH BATON | : |
| Vs. | :      CASE NO. 3:02CV1406(DJS) |
| JEFFREY McDERMOTT | : |

RULING ON DEFENDANT'S MOTION FOR COSTS AFTER JUDGMENT

    Judgment entered for the defendant on October 30, 2003, after a jury trial in which a verdict was returned for the defendant. Therefore, the defendant is the prevailing party in this case. On November 6, 2003, defendant submitted a Motion for Costs After Judgment, and plaintiff filed an Objection to Defendant's Motion for Costs on November 13, 2003. For the reasons stated below, the defendant's Motion for Costs is granted in part and denied in part.

I. FEES OF THE CLERK & MARSHAL: Defendant has submitted claims for state marshal's fees for deposition subpoenas served on Susan Marshall, Carlos Flores, George Allard and Cindy Zimmer. The claims are broken down individually as follows:

Susan Marshall - in the amount of $42.75, which includes a $30.00 service fee, $10.95 travel fee, $1.00 for pages and $.80 for endorsements. Cost is allowed in the amount of $40.95 as there is no authority for granting the fees in the amounts of $1.00 and $.80.

Carlos Flores - in the amount of $35.40. The record shows that Mr. Flores testified for the defendant. Therefore, this claim is denied without prejudice to renewal upon the submission of the proper authority to support it as an allowable cost.

George Allard - in the amount of $46.20. The record shows that Mr. Allard testified for the defendant. Therefore, this claim is denied without prejudice to renewal upon the submission of the proper authority to support it as an allowable cost.

Cindy Zimmer - in the amount of $35.45, which includes a $30.00 service fee, $3.65 travel fee,

$1.00 for pages and $.80 for endorsements. Cost is allowed in the amount of $33.65 as there is no authority for granting the fees in the amounts of $1.00 and $.80.

The defendant has further submitted claims for costs of state marshal's fees for trial subpoenas on Joseph Grenier in the amount of $39.72, which includes a $30.00 service fee, $7.92 travel fee, $1.00 for pages and $.80 for endorsements and George Allard in the amount of $42.60, which includes a $30.00 service fee, $10.80 travel fee, $1.00 for pages and $.80 for endorsements. Pursuant to Local Rule 54©)1, service fees for non-party witnesses testifying at trial are allowable. Therefore, these claims are allowed in the reduced amounts of $37.92 and $40.80, respectively, as there is no authority to support the costs for pages and endorsements.

II. <u>FEES OF THE COURT REPORTER</u>: Pursuant to Local Rule 54(c)2(ii), the cost of an original and one copy of deposition transcripts are recoverable as costs if used at trial in lieu of live testimony, for cross-examination or impeachment, if used in support of a successful motion for summary judgment, or if they are necessarily obtained for the preparation of the case and not for the convenience of counsel. Appearance fees of the court reporter are also taxable as costs, pursuant to Local Rule 54(c)2(ii). Defendant has submitted a claim for court reporters' fees for depositions in the amount of $1,548.10 which is broken down as follows:

<u>Susan Marshall</u> - in the amount of $230.75, which includes $138.25 for the cost of an original and two copies of her deposition transcript, $17.50 for an extra copy and $75.00 for the appearance fee. This claim is allowed in the amount of $75.00 for the appearance fee and is without prejudice to renewal upon the submission of documentation reflecting the number of pages for the original and one copy and the page rate.

<u>Cindy Zimmer</u> - in the amount of $249.85, which includes the cost of the original and two copies of her deposition transcript in the amount of $169.85 and the appearance fee in the amount of $80.00. This claim is allowed in the amount of $80.00 for the appearance fee and is without

prejudice to renewal within ten days upon the submission of documentation reflecting the number of pages for the original and one copy and the page rate.

George Allard - in the amount of $189.60.  The record shows that Mr. Allard testified for the defendant.  Therefore, this claim is denied without prejudice to renewal within ten days upon a showing as to how the deposition was used at trial and not for the convenience of counsel.

Carlos Flores - in the amount of $260.65.    The record shows that Mr. Flores testified for the defendant.  Therefore, this claim is denied without prejudice to renewal within ten days upon a showing as to how the deposition was used at trial and not for the convenience of counsel.

Deborah Baton - in the amount of $572.70, which includes $497.70 for an original and two copies and $75.00 appearance fee.  This claim is allowed in the amount of $75.00 for the appearance fee and is without prejudice to renewal within ten days upon the submission of documentation reflecting the number of pages for the original and one copy and the page rate.

III.  FEES FOR WITNESSES: Pursuant to Local Rule 54(c)4(I), witness fees are taxable when the witness has actually testified or was necessarily in attendance at trial and whether or not the witness voluntarily attended or was present under subpoena.   Witness fees for attendance at a deposition are recoverable if the deposition is a taxable cost.  Defendant has submitted a claim for witness fees in the amount of $381.15, and it is broken down as follows:

George Allard - in the amounts of $78.16 and $78.69.  The claim for $78.16, which is the fee for attendance at trial, is reduced to the statutory fee of $40.00 as there is no documentation to support the full amount as requested.  The claim in the amount of $78.69, which is the fee for attendance at deposition, is disallowed as the claim for the deposition has been disallowed.

Joseph Grenier - in the amount of $78.16.  This claim for attendance fee at trial is reduced to the statutory fee of $40.00 as there is no documentation to support the full amount requested.

Cindy Zimmer - in the amount of $67.01 for attendance at deposition. This claim is allowed in

the reduced amount of $40.00 as there is no documentation to support the full amount requested.

<u>Susan Marshall</u> - in the amount of $78.69 for attendance at deposition. This claim is allowed in the reduced amount of $40.00 as there is no documentation to support the full amount requested.

IV. <u>SUMMARY</u>: For the reasons previously stated, the defendant's motion for costs is allowed as follows:

| | |
|---|---|
| FEES OF THE CLERK & MARSHAL | $ 153.32 |
| FEES OF THE COURT REPORTER | 230.00 |
| FEES FOR WITNESSES | 160.00 |
| TOTAL | $ 543.32 |

The defendant shall have ten days from the date of this ruling to provide the Clerk with proper documentation and proper authority with respect to the items that have been denied without prejudice.

Defendant has requested that the $500.00 bond posted by the plaintiff as security for costs in this action be forfeited and paid over to the defendant by the Clerk as partial satisfaction of costs. This request is properly filed before the presiding judge.

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

Dated at Hartford, Connecticut, this 26th day of February.

KEVIN F. ROWE, Clerk

By:    /s/ MAW
       Mary A. Wiggins
       Deputy-in-Charge